a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATRICK ALAN JACKSON, Petitioner | CIVIL ACTION NO. 1:18-CV-1097-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Patrick Alan Jackson ("Jackson") (#26361-078). Jackson is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Jackson challenges the calculation of his sentence by the BOP, the legality of his sentence imposed in the United States District Court for the Eastern District of Texas, and his counsel's performance at sentencing.

This Court lacks jurisdiction over Jackson's challenge to the legality of his term of imprisonment and his counsel's performance, so that portion of Jackson's petition should be dismissed without prejudice. Jackson's challenge to the BOP's computation of his sentence is meritless, and should be denied and dismissed with prejudice.

I.  Background

On August 5, 2015, Jackson was arrested by Beaumont, Texas authorities for possession of a controlled substance. (Doc. 1-2, p. 7). On October 26, 2015, Jackson's probation was revoked, and Jackson was sentenced to a six-year term of

imprisonment in the Criminal District Court of Jefferson County Docket No. 10-10417. (Doc. 1-2, p. 7). Jackson was also sentenced to a concurrent term of imprisonment in another state case. (Doc. 1-2, p. 7).

On May 20, 2016, while in state custody, Jackson was "borrowed" by federal authorities pursuant to a federal writ of habeas corpus *ad prosequendum* in the Eastern District of Texas. (Doc. 1-2, p. 7). Jackson entered a guilty plea and was convicted of conspiracy with intent to distribute 280 grams or more of cocaine base. (1:15-cr-119, E.D. Tex., Doc. 537). Jackson was sentenced to a 120-month term of imprisonment, specifically ordered to run consecutive to his sentence imposed in Jefferson County Docket Number 10-10417. (1:15-cr-119, E.D. Tex., Doc. 537). Jackson did not appeal his conviction or sentence.

In his § 2241 petition, Jackson argues that he is entitled to federal credit for the time spent in federal custody under the writ of habeas corpus *ad prosequendum*. Jackson also argues that the federal court erred in failing to order concurrent sentences, and that his attorney rendered ineffective assistance in failing to adequately argue for a lesser or concurrent sentence. (Doc. 1, p. 6).

II. <u>Law and Analysis</u>

    A. <u>Jackson is not entitled to federal credit for time served on his state sentence.</u>

Title 18 U.S.C. § 3585 provides that a sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. It also provides that a defendant shall be given credit toward the

service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

Jackson's federal sentence commenced on June 27, 2017, the date he was received in exclusive federal custody. (Doc. 1-2, p. 4). Although Jackson was in temporary federal custody pursuant to a federal writ of habeas corpus *ad prosequendum* from May 20, 2016, through May 25, 2017, the writ did not deprive state authorities of primary jurisdiction. A writ of habeas corpus *ad prosequendum* permits one sovereign to temporarily "borrow" a person in the custody of another sovereign for the purpose of prosecution. The writ is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) (citing United States v. Kipp, 232 F.2d 147 (7th Cir. 1956)).

The time during which Jackson was in "borrowed" federal custody was credited toward his state sentence. (Doc. 1-2, p. 8). Pursuant to § 3585(b), this time cannot also be credited toward his federal sentence. See Vignera v. Attorney General of the United States, 455 F.2d 637, 638 (5th Cir. 1972) (prisoner is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus *ad prosequendum* if the prisoner received credit for such time

on his state sentence). Therefore, Jackson has received all the credit to which he is entitled.

### B. This Court lacks jurisdiction over Jackson's challenge to the length of his sentence and his counsel's performance.

Jackson's claims of ineffective assistance of counsel and excessive sentence allege errors that occurred at sentencing, and must be raised in a § 2255 petition in the sentencing court. 28 U.S.C. § 2255; Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Jackson's § 2241 claim regarding the calculation of his sentence by the BOP be DENIED and DISMISSED with prejudice, and Jackson's claims regarding the validity of his sentence and assistance of counsel be DISMISSED without prejudice for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __12th__ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge